782 So.2d 931 (2001)
Mark T. MAXWELL, Gertrude G. Maxwell, and Nancy Maxwell, Appellants,
v.
FIRST UNITED BANK, as Successor in Interest to Suburban Bank, Appellee.
No. 4D00-1512.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Rehearing Denied May 7, 2001.
*932 John R. Young of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellants.
James M. McCann, Jr. and Celeste B. Marcks of Akerman, Senterfitt & Eidson, P.A., West Palm Beach, for appellee.
STONE, J.
We affirm a summary final judgment entered in favor of Defendant, First United Bank, successor in interest to Suburban Bank. We agree with the trial court that the undisputed facts show an absence of any fiduciary duty owed by Suburban Bank to the Maxwells.
The Maxwells were the beneficiaries of a Southeast Bank land trust, which owned a parcel of real estate. The trust had previously entered into a long term lease with Rita Spinelli and her corporation, Horizon Development. The lease contemplated construction of a building on the premises and provided that the Maxwells would permit their interest to be subordinated to mortgage financing obtained for that purpose. The lease also required that any mortgage financing obtained by Spinelli must be through a bank doing business in Palm Beach County, could not be assigned unless the assignee was also a conventional lender doing business in Palm Beach County, and must require the mortgagee to give written notice of default to the lessor and thirty days to cure.
In 1988, the trust subordinated its interest to a $1,675,000 mortgage granted to Suburban Bank, a local lender obtained by Spinelli to finance the construction loan. The mortgage included the requisite rights to notice of default and cure. Additionally, Emil Landau, Spinelli's then husband, executed a written guarantee of the loan.
At the same time, and unbeknownst to the Maxwells or their trust, Suburban entered into a loan participation agreement with Union State Bank of New York under which Union State purchased approximately 94% of the loan representing $1,575,000 in principal. Landau, a frequent customer and minority shareholder of Union State Bank, put up two certificates of deposit as collateral. Suburban continued to service the loan.
Spinelli and Horizon defaulted on the loan some five months after its execution, whereupon Suburban instituted a foreclosure action which listed the amount due and unpaid as $1,675,000. Maxwells' land trust filed a counter-claim in the foreclosure action against Suburban Bank, Spinelli, Horizon, and Landau, asserting causes of action against Suburban for fraudulent conspiracy, fraudulent non-disclosure, and breach of fiduciary duty. The *933 fraudulent conspiracy count and fraudulent non-disclosure count were based on the failure of Suburban to disclose the Union State participation and agreement and transfer of that agreement to Landau. Summary judgment was entered in favor of Suburban on the foreclosure and counter-claims and was affirmed on appeal. The property was sold at a foreclosure sale to Suburban Bank.
Subsequent to the foreclosure lawsuit and during a different lawsuit brought against Spinelli and Landau, the Maxwells learned that Landau had satisfied Union State's participation in the loan from the certificates of deposit used as collateral. Presumably, he then became owner of the Union State 94% share of the note. However, the Union State's loan officer stated in his deposition that he had no knowledge of an assignment to Landau.
Several years later, the Maxwells, as sole beneficiaries of the Southeast land trust, brought this suit against First United, successor in interest to Suburban Bank, alleging essentially the facts as claimed in the counter-claim to the foreclosure action, with the addition of a claim that Suburban undertook a fiduciary duty to the trust, and to the individual plaintiffs/beneficiaries, to properly ascertain and notify them of the true default amount of any principal balances remaining unpaid on the loan, which the Maxwells alleged was $100,000, not $1,675,000. The complaint further alleged that Suburban misled the Maxwells as to the amount due, leading the Maxwells to abandon any attempt to cure because they thought that the cure amount with interest would exceed $2,000,000, when in fact, it is alleged, all that would have been necessary would have been approximately $100,000.
The complaint also included a claim for breach of the covenant of good faith and fair dealing, based on the same failure to properly ascertain and advise the Maxwells of the default and cure amount.
The trial judge, in granting summary judgment, found:
As a matter of law the business relationship between Suburban Bank and Plaintiff did not give rise to a fiduciary relationship as alleged.
Suburban Bank had no duty to Plaintiff to carefully confirm with Union State Banks "transfer of Union State Banks participating interests" to Ernest Landon [sic] ... As a result Suburban can not be liable to Plaintiffs for negligently failing to confirm.
The amount of debt which Plaintiffs claim was improperly concealed was determined in prior litigation between these parties by final judgment. In this case Plaintiffs now claim the amount Suburban claimed due in the prior case was overstated and this false statement caused them to fail to cure the default because while they had the money to cure the real amount due they didn't have to [sic] money to cure the amount falsely claimed to be due.
Such issues were resolved in the prior case. The Plaintiffs were required to contest the amount due in the prior case....
The Maxwells argue that the question of whether Suburban Bank owed them a fiduciary duty was a disputed material fact.
A fiduciary relationship may be either express or implied. See Capital Bank v. MVB, Inc., 644 So.2d 515 (Fla. 3d DCA 1994). Express fiduciary relationships are created by contract, such as principal/agent, or can be created by legal proceedings in the case of a guardian/ward. See id. A fiduciary relationship which is implied in law is based on the circumstances surrounding the transaction and the relationship of the parties, see id.; *934 Hooper v. Barnett Bank of W. Fla., 474 So.2d 1253 (Fla. 1st DCA 1985), and may be found when "confidence is reposed by one party and a trust accepted by the other." MVB, 644 So.2d at 518 (quoting Dale v. Jennings, 90 Fla. 234, 107 So. 175 (1925)).
The relationship between bank and borrower is generally that of creditor and debtor, to which the bank owes no fiduciary duty. See MVB. However, in some circumstances, a fiduciary duty may be found in a creditor/debtor relationship. See MVB; Hooper.
The facts upon which the Maxwells rely to support their "repose of confidence" in Suburban were the local nature of the bank and the default notification clause. However, these stipulations were between the trust and Spinelli, not the trust and Suburban. Moreover, the "local bank" requirement was not a part of the mortgage and there is no indication that Suburban used these factors in any way to induce the Maxwells to enter into the arrangement with Spinelli whereby the Maxwells subordinated their interest in the land to Suburban. Furthermore, the unrefuted deposition of Mark Maxwell established that he neither spoke to nor placed his trust in anyone at Suburban regarding the mortgage. Hence, MVB, where a financial institution benefitted by inducing its customer to invest in a different customer, and Hooper, where a bank benefitted by failing to disclose crucial information when told that one of its customer's planned on investing in another of its customers, are distinguishable.
The trial court correctly concluded that the Maxwells' claim that they reposed their confidence and trust in Suburban is without factual support. The relationship between Suburban and the trust was plainly one at "arm's length." "In an arms length transaction ... there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered." Watkins v. NCNB Nat'l Bank of Fla., 622 So.2d 1063, 1065 (Fla. 3d DCA 1993).
In Inversiones Inmobiliarias Internacionales De Orlando Sociedad Anomina v. Barnett Bank of Central Florida, N.A., 584 So.2d 110 (Fla. 5th DCA 1991), the court held that a construction lender owes no fiduciary duty to a subordinating purchase money mortgagee to ensure that construction loan proceeds are properly applied, stating:
The vast majority of courts which have addressed this issue have held that where a landowner agrees to subordinate his purchase money mortgage to a mortgage lien for the purpose of obtaining a construction loan without an express covenant to the application of the sums advanced, possible diversion of funds by the mortgagor-developer is a risk assumed by the landowner, unless the latter is able to demonstrate fraud or collusion between the mortgagor-developer and the mortgagee.... Thus... the lender, whose loan was for construction or repair purposes, owed no duty to the subordinating vendors to exercise care that the borrowers applied the loan proceeds to the intended purposes of the loan.
Id. at 111. The principles applied in that case appear applicable here.
With regard to the claimed breach of a covenant of good faith and fair dealing, we recognize that "every contract includes an implied covenant that the parties will perform in good faith." County of Brevard v. Miorelli Eng'g, Inc., 703 So.2d 1049, 1050-51 (Fla.1997). However, where not related to the performance of an express term of the contract, such an action *935 cannot be maintained. See Hospital Corp. of Am. v. Florida Med. Ctr., Inc., 710 So.2d 573 (Fla. 4th DCA 1998). Without an express duty regarding transfer of participation interest in the loan, there can be no implied duty of good faith and fair dealing in verifying the proper transfer of such interests. See Hospital Corp. of Am. Therefore, the trial court did not err in ruling that Suburban had no duty to confirm that the participation interest had been transferred.
We also note that, although not relied on by the trial court, the Maxwells' argument as to res judicata and the statute of limitations defenses is also supported by the record.
GUNTHER and SHAHOOD, JJ., concur.